T.C. Memo. 1997-41


UNITED STATES TAX COURT


KENNETH C. AND ELAINE SCHMIDT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2882-96.                    Filed January 23, 1997.


<u>Mark Kutschenreuter</u>, for petitioners.

<u>James E. Schacht</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1991, 1992, and 1993 in the amounts of $1,621, $1,457, and $1,770, respectively.

The sole issue for decision is whether petitioners are liable for self-employment tax. The resolution of this issue depends on whether petitioner Kenneth C. Schmidt materially participated in the production of beets on his farm.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioners resided in Richfield, Wisconsin, at the time that their petition was filed with the Court.

1. General Background

Petitioner Kenneth C. Schmidt (petitioner) is principally a dairy farmer. Petitioner also farms approximately 250 acres of land. Petitioner works on his farm every day of the week for about 15 hours per day.

2. The Beet Contracts

In 1991, petitioner and Dean Foods Co. (Dean Foods) entered into a "Canning Beet Contract" in which petitioner agreed to grow 200 tons of canning beets on 16 acres of land. In 1992 and 1993, petitioner entered into similar contracts with Dean Foods except that he agreed to grow 250 tons of canning beets on 18 acres of land during such years. Each contract required petitioner to furnish the "machinery, labor, and other facilities necessary for

production of canning beets * * * on land * * * leased to the Company".

Petitioner grew one beet crop per year in 1991, 1992, and 1993. Pursuant to the terms of the beet contracts, petitioner supplied the farm equipment and labor necessary to produce a beet crop in the years in issue.

The following labor was required to produce a beet crop: First, in the fall prior to planting, petitioner would plow the field to "make [the soil] loose for the next spring's [planting]". The following spring, petitioner would till and fertilize the soil in further preparation of planting. Then petitioner would plant and apply herbicide to the beets. In late spring or summer petitioner would decide whether it was necessary to cultivate the beet crop in order to destroy any remaining weeds. Occasionally, petitioner would "pick stones" by hand to clear his field. Finally, in the fall, almost one full year after the initial plowing, petitioner would harvest the beet crop and arrange for its delivery to Dean Foods. On average, petitioner worked less than 100 hours per year to produce the beet crop.

Each of the contracts authorized Dean Foods to direct the date or dates on which the beet crop should be planted and harvested. The contracts did not suggest dates on which petitioner should plow and till the soil, apply fertilizer and herbicide, pick stones, or cultivate. Rather, petitioner made

decisions regarding these farming procedures on his own without consulting Dean Foods.

Petitioner owned and maintained almost all of the equipment that he needed in order to produce the beet crops.

Petitioner paid for the beet seeds, fertilizer, and herbicide. Dean Foods did not reimburse petitioner for these expenses.

3. Petitioners' Federal Income Tax Returns

Petitioner received a document from Dean Foods styled "Notice to Growers" which stated:

> All payment under Dean Foods raw product contracts are for leased land. * * * Payments are considered rental income and as such are reportable to the Internal Revenue Service on Form 1099 in year of payment.

In 1991, 1992, and 1993, Dean Foods mailed to petitioner Forms 1099-MISC reporting "rental income" thereon in the amounts of $12,423.67, $11,208.78, and $13,609.66, respectively. On their Federal income tax returns for those years, petitioners reported such income from the company as rental income not subject to self-employment tax.

Initially, we note that there is no dispute between the parties regarding the taxability of the "rental" receipts from Dean Foods to petitioners in 1991, 1992, or 1993 as ordinary income. Petitioners so reported the amounts on their 1991, 1992, and 1993 returns. Rather, the dispute is whether such income is

income from self-employment and therefore subject to the tax thereon.                          OPINION

Section 1401 provides that, in addition to other taxes, a tax shall be imposed on the self-employment income of every individual.  Generally, rentals from real estate are excluded from the computation of net earnings from self-employment.  Sec. 1402(a)(1).  There is an exception to the exclusion, however, with respect to:

> any income derived by the owner or tenant of land if (A) such income is derived under an arrangement, between the owner or tenant and another individual, which provides that such other individual shall produce agricultural * * * commodities * * * on such land, and that there shall be material participation by the owner or tenant * * * in the production or the management of the production of such agricultural * * * commodities, and (B) there is material participation by the owner or tenant * * * with respect to any such * * * commodity. [Sec. 1402(a)(1).]

In other words, if the income is derived under an arrangement which provides for the production of agricultural products on the land of the owner or tenant (the owner), and if the arrangement obligates the owner to materially participate in the production or the management of the production of agricultural commodities, and if the owner actually materially participates in the production or the management of the production of agricultural commodities, then the income received by the owner pursuant to the arrangement is considered earnings from self-employment.  See sec. 1.1402(a)-4(b)(3)(i), Income Tax Regs.

"The term 'production' * * * refers to the physical work

performed and the expenses incurred in producing a commodity * * * [and] includes such activities as the actual work of planting, cultivating, and harvesting crops, and the furnishing of machinery, implements, [and] seed". Sec. 1.1402(a)-4(b)(3)(ii), Income Tax Regs.

Respondent contends that the payments received by petitioners under the contracts do not represent rentals from real estate, but rather represent compensation for petitioner's services in producing the beet crop. In the alternative, respondent contends that if the payments received by petitioners are rentals from real estate, then such payments were received under an arrangement obligating petitioner to materially participate in the production of beets, and that petitioner did materially participate in such production.

Upon examination of the facts in this case, we are convinced that petitioner was obligated to and did materially participate in the production of beets on his farm. The contracts between Dean Foods and petitioner called for petitioner to supply the "machinery, labor, and other facilities necessary for production of canning beets". Indeed, petitioner supplied most of the necessary farm equipment and undertook all of the labor necessary to produce beets on his farm, including: plowing, tilling and fertilizing the beet field, planting the beets, applying herbicide, cultivating, harvesting, and arranging for delivery of

the beet crop to Dean Foods.  Cf. Ray v. Commissioner, T.C. Memo. 1996-436.

Petitioners emphasize that petitioner spent less than 100 hours per year working to produce the beets.  It is true that the number of hours that petitioner worked towards producing the beets represented a small fraction of the total number of hours that he worked on his farm; however, this does not diminish the pivotal role that petitioner played in producing the beet crops in 1991, 1992, and 1993.  Petitioner performed all of the farming procedures necessary to produce at least 200 tons of beets for each of the years in issue.  Additionally, petitioner bore the expenses of the beet seeds, fertilizer, and herbicide.  It is clear that without petitioner's efforts, there would not have been a beet crop in any of the years in issue.

Because we think that petitioner was required to and did materially participate in the production of beets on his farm, the payments received by petitioners do not qualify as rentals from real estate that may be excluded from the computation of net earnings from self-employment.  In light of our conclusion, it is not necessary for us to decide whether the payments received by petitioners constituted rentals or compensation for services.

To reflect our conclusion herein,

- NEXTRECORD -

<u>Decision will be entered for respondent.</u>